JAMES LINVILLE BROWN, PLAINTIFF-EMPLOYEE v. WALNUT COVE VOL-
UNTEER FIRE DEPARTMENT, DEFENDANT-EMPLOYER, AND NATIONWIDE
MUTUAL INSURANCE COMPANY, DEFENDANT-INSURANCE CARRIER

No. 8410IC74

(Filed 20 November 1984)

**Master and Servant § 71.1— volunteer fireman—injured while laid off—compensa-
tion based on earnings while employed**

Where a volunteer fireman suffered a compensable injury after he had
been laid off from Roadway Express for eleven months and had not worked
under recall for six months, the Industrial Commission correctly calculated
compensation based on plaintiff's earnings at Roadway Express because that
vocation corresponded to the primary source of income upon which plaintiff
relied and intended to return. The fact that plaintiff had unsuccessfully sought
other employment was immaterial, and his small earnings as a self-employed
mechanic were not significant because there was evidence that such employ-
ment was not where he principally earned his livelihood. G.S. 97-2(5).

Judge WEBB dissenting.

APPEAL by defendants from order of North Carolina Indus-
trial Commission entered 7 November 1983. Heard in the Court of
Appeals 23 October 1984.

This appeal involves the proper amount of workers' compen-
sation to be paid a volunteer fireman. The facts underlying the
legal controversy of this case are as follows. Plaintiff-employee in-
jured his back while engaged as a volunteer fireman on behalf of
the defendant-employer, Walnut Cove Volunteer Fire Depart-
ment. Nationwide Mutual Insurance Company is carrier for the
defendant Walnut Cove Volunteer Fire Department.

Plaintiff was employed by Roadway Express as a journeyman mechanic in February 1979. He was laid off by Roadway Express on or about 10 May 1980. Between 10 May 1980 and November 1980 his unemployment with Roadway Express continued with the exception of a few weeks. However, his employment was under union contract, and he was subject to recall. At the time of his injury on 3 April 1981, plaintiff had not worked for Roadway Express for six months and had received no wages from Roadway Express during that period. Except for a few weeks between 11 March 1980 and 11 October 1980, he received unemployment compensation for the period between 11 May 1980 and 24 January 1981.

After his lay-off plaintiff attempted unsuccessfully to find new employment, and in mid-March 1981 he became self-employed as a mechanic in a garage behind his house. He presented evidence of twenty-four workslips, twenty-one of which he attributes to the month of March 1981. Only six of the workslips were dated and only thirteen were marked paid. Initially, plaintiff did not include any income from his mechanic shop on his income tax return, but subsequently amended his 1981 return to show $1,138.00 income therefrom.

The Deputy Commissioner computed plaintiff's compensation rate based on his wages at Roadway Express and awarded plaintiff $210.00 per week, and further determined he was entitled a twenty percent residual permanent disability compensation at $210.00 per week. The Deputy Commissioner amended his original order concerning certain dates and the award of attorney fees, and the Full Commission affirmed the amended award. Defendants appeal.

*Jerry Rutledge for plaintiff appellee.*

*Tuggle, Duggins, Meschan and Elrod, P.A., by Richard L. Vanore and J. Reed Johnston, Jr. for defendant appellants.*

HILL, Judge.

The sole question presented by this appeal is the correctness of the determination of plaintiff's earnings in setting his compensation. Defendants contend the Industrial Commission erred by holding that plaintiff's compensation benefits were to be based on

the average weekly wage earned while in the employment of Roadway Express, a company from which plaintiff had been laid off for almost a year. We disagree and for the reasons which follow affirm the decision of the Industrial Commission.

G.S. 97-2(5) of the Workers' Compensation Act provides in pertinent part as follows:

> Average Weekly Wages.—"Average weekly wages" shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury . . . divided by 52. . . .
>
> In case of disabling injury or death to a volunteer fireman . . . under compensable circumstances, compensation payable shall be calculated upon the average weekly wage the volunteer fireman . . . was earning in the employment wherein he principally earned his livelihood as of the date of injury.

The Industrial Commission calculated the compensation rate in this case based on the wages which plaintiff earned during his employment at Roadway Express, concluding that "[t]he General Assembly intended that a volunteer fireman injured under compensable circumstances at a time when he was laid off subject to recall from his principal employment be compensated in accordance with his average weekly wages he was earning when laid off."

Defendants point out that plaintiff was laid off some eleven months prior to the accident and had not worked for Roadway Express for six months prior thereto. Nevertheless, plaintiff's employment with Roadway Express in this case represents "the employment wherein he principally earned his livelihood as of the date of the injury," G.S. 97-2(5), because this vocation corresponds to plaintiff's primary source of income upon which plaintiff relied and intended to return to as soon as he was recalled to work. We do not believe the term "laid off" means a total severance of the employer-employee relationship under the facts of this case. The very fact that plaintiff had been recalled for work at Roadway Express during the interim is evidence that the employer intended to honor its commitment to recall plaintiff during the three

year period subsequent to the lay off as provided in the union contract. In his claim for injury, plaintiff indicated to the adjuster that he expected to return to work for Roadway Express, and that he did not want his injury to interfere with his regular employment.

The fact that plaintiff sought other outside employment is immaterial. Not only was he unsuccessful, but such a job search was to be expected. His income had been reduced fifty percent after allowance for unemployment benefits. Nor do we consider the small earnings received as a self-employed mechanic to be of any significance. The fact that plaintiff did not report the income originally on his tax return and never took depreciation as a business expense are evidence that such employment was not where he "principally earned his livelihood as of the date of the injury." G.S. 97-2(5).

Furthermore, we believe our holding exemplifies the basic tenet that the intent of the legislature regarding the operation of a particular provision of the Workers' Compensation Act "is to be discerned from a consideration of the Act as a whole—its language, purposes and spirit." *Deese v. Lawn and Tree Expert Co.*, 306 N.C. 275, 278, 293 S.E. 2d 140, 143, *reh'g denied*, 306 N.C. 753 (1982). This spirit is one of liberal construction, whenever appropriate, "so that benefits will not be denied upon mere technicalities." *Id.* at 277, 293 S.E. 2d at 143. Accordingly, we find no error in the Full Commission's conclusion as a matter of law that "[t]he General Assembly intended that a volunteer fireman under compensable circumstances at a time when he was laid off subject to recall from his principal employment be compensated in accordance with the average weekly wages he was earning when laid off." The Full Commission properly excluded plaintiff's average weekly earnings as a self-employed auto mechanic and properly refused to apply the minimum compensation rate prescribed by statute.

The decision of the Full Commission is

Affirmed.

Judge HEDRICK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. G.S. 97-2(5) says the plaintiff's compensation is to be based on the weekly wage he was earning "as of the date of the injury." The plaintiff was not earning anything at Roadway Express on the date of the injury. I do not believe his compensation can be calculated on his former wage at Roadway Express.